U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**



**The following constitutes the order of the Court.**

**Signed September 2, 2005**



**United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT WARREN PAIGE, | § | CASE NO. 04-20147-RLJ-7 |
| | § | |
| Debtor | § | |

| | | |
|---|---|---|
| DUDLEY STANLEY and | § | |
| FLAGSHIP FINANCIAL CORPORATION, | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| ROBERT WARREN PAIGE, | § | ADVERSARY NO. 04-2010 |
| Defendant | § | |
| | § | |
| v. | § | |
| | § | |
| LADON PAIGE and KENT RIES, TRUSTEE, | § | |
| Intervenors | § | |

## MEMORANDUM OPINION AND ORDER

Defendant and debtor Robert Paige ("Paige") moves for summary judgment on the claims of plaintiffs Dudley Stanley and Flagship Financial Corporation ("Stanley/Flagship") that seek denial of Paige's discharge under section 727(a)(4) and (a)(5) of the Bankruptcy Code.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 250 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255. A factual dispute bars summary judgment when the disputed fact is determinative under governing law of the issue before the court. *Id.* at 250. The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### Section 727(a)(4)

The section 727(a)(4) claim concerns the allegation that Paige knowingly and fraudulently made a false oath or statement in his schedules by listing the claim of Dean Lively in the amount of $1,463,538. A creditor establishes a false oath by showing that "(1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false;

- 2 -

(4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case." *In re Pratt*, 411 F.3d 561, 566 (5th Cir. 2005) (citing *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir. 1992)). The debtor's omission of an asset from his schedules may constitute a false oath, as well. *Id.* at 566. Paige makes three arguments in support of his summary judgment motion on the section 727(a)(4) claim. First, he contends the listed debt to Lively cannot be false because Lively's proof of claim is prima facie valid given no objection has been lodged to the claim. Second, any misstatement regarding the claim is not material because the mere scheduling of the claim gives no right to Lively to share in any distribution from the bankruptcy estate; Lively, like any creditor, must timely file a proof of claim in order to share in any distribution from the estate. Third, Stanley/Flagship cannot challenge the falsity of Lively's claim by looking behind the documents giving rise to the claim.

Paige filed this chapter 7 case on February 6, 2004. His original schedules, filed February 23, 2004, reflect an unsecured non-priority debt owed to Dean E. Lively in the amount of $1,463,538. Paige classified this debt as "Business Debt pertaining to 'Dissolution of Partnership.'" On May 19, 2004, Lively filed a proof of claim in the amount of $1,231,786, as evidenced by two promissory notes, dated December 28, 1999 and December 28, 1998, in the amounts of $556,786 and $675,000, respectively, plus interest and attorney's fees. The next day, May 20, 2004, Lively filed a proof of claim on behalf of his company, Area, Inc., in the amount of $2,338,146. This claim is supported by seven promissory notes dating back to December 1998 and continuing until 2000. Each note bears Paige's signature.

Given the arguments made by Paige, summary judgment on the section 727(a)(4) claim is improper. With respect to the first argument, *i.e.*, that Lively's claim is prima facie valid, the

- 3 -

Court is not aware of any deadline that prevents objections from still being filed to Lively's claim

(and the claim of Area, Inc.).  In addition, the Court is unaware of any authority providing that

Stanley/Flagship is barred from presenting evidence in this adversary proceeding that attacks the

accuracy and validity of Lively's claim.  With respect to the second argument, the Court rejects

the notion that an intentional misstatement of a debt on the debtor's schedules cannot be material

simply because the scheduling of such debt does not itself give the creditor a right to share in a

distribution from the bankruptcy estate.  This is also not supported by case law.  The Court

likewise rejects Paige's third argument.  The case cited in support of Paige's argument, *Citrus &*

*Chem. Bank v. Floyd*, 322 B.R. 205 (Bankr. M.D. Fla. 2005), concerned the debtor's scheduling

of a debt as secured when the security interest was *potentially* voidable.  In addition, the court

found, after a full evidentiary hearing, that the debtor did not falsely represent the existence of the

security interest.  *Id.* at 214.   Stanley/Flagship contends the listed debt to Dean Lively is false and

has submitted summary judgment evidence that at least indicates Paige did not acknowledge the

existence of the Lively debt prior to bankruptcy.  There is a question of fact whether, at the time

the bankruptcy was filed, Lively was indebted to Paige.  There is sufficient summary judgment

evidence presented to raise a factual question on this issue.  Summary judgment will therefore be

denied on the 727(a)(4) claim.

### Section 727(a)(5)

Under section 727(a)(5) of the Bankruptcy Code, a debtor will be denied a discharge if the

debtor fails to explain satisfactorily, before a determination of denial of discharge, any loss of

assets or deficiency of assets to meet the debtor's liabilities.  11 U.S.C. § 727.  Paige contends he

is entitled to summary judgment on the 727(a)(5) claim because Stanley/Flagship fails to identify

specific assets owned by Paige that have been lost or diminished. Stanley/Flagship complains of

Paige's contract under which his professional association, Robert W. Paige, M.D., P.A., pays

forty percent of its net collections to an entity named Maverick Enterprises, which is purportedly

owned by LaDon Paige, Paige's wife. Paige submits that this transaction concerns property of his

professional association, not his. The Court agrees. There is no summary judgment evidence that

calls into question the issue of whether such property is truly held by the professional association

or not. The summary judgment evidence reflects that the contract at the heart of this dispute is

between the professional association and Maverick Enterprises, as separate entities. Though

Paige owns and operates the professional association, the accounts receivable of the professional

association would indeed belong to the entity rather than Paige individually. As no factual issue

has been raised concerning the ownership of the accounts receivable, *i.e.*, that they are owned by

anyone or any other entity other than Paige's professional association, the Court grants summary

judgment on the 727(a)(5) claim to the extent it seeks denial of discharge based upon Paige's

alleged failure to explain satisfactorily the loss or deficiency of the professional association's

accounts receivable.

A similar argument is made by Paige regarding Stanley/Flagship's complaint that Paige

failed to satisfactorily explain a loss of assets given Paige's so-called "income flow." Paige

contends that "income" cannot constitute an asset subject of an objection to discharge under

section 727(a)(5). The summary judgment evidence reflects that Paige signed financial

statements, one within approximately eight months of the bankruptcy filing, reflecting a net worth

in excess of $6.9 million. Paige's (and his wife's) net worth is derived from balancing assets

- 5 -

against liabilities. The Court is satisfied that the summary judgment evidence presents questions of fact on this issue.

The third asset at issue regarding the section 727(a)(5) claim concerns the so-called Blessen Road property, which was allegedly transferred by Paige. Paige says he has provided a satisfactory explanation of the Blessen Road transaction and that Stanley/Flagship actually disputes whether a proper transfer of the Blessen Road property occurred, not whether there is a satisfactory explanation of a transfer. The summary judgment evidence indicates that the Blessen Road property was transferred on February 4, 2004, two days prior to the bankruptcy filing, to an entity named Blessen Road Investments, L.L.C., an entity allegedly owned by LaDon Paige. The Court is satisfied that an issue exists as to whether Paige has satisfactorily explained a loss of this asset.

## Conclusion

Upon the foregoing, the Court denies Paige's motion for summary judgment concerning the section 727(a)(4) claims as it finds material issues of fact exist on such claims. The Court grants summary judgment on the 727(a)(5) claim that concerns the failure to explain the loss of Paige's professional association's accounts receivable. The Court denies all other relief requested.

So ORDERED.

### End of Memorandum Opinion and Order ###

- 6 -